# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| **COLTS RUN, L.L.C.,** | ) | No. 10-18071 |
| an Illinois limited liability company | ) | Hon. Judge Pamela Hollis |
| | ) | |
| Debtor/Debtor-in-Possession | ) | |

## NOTICE OF MOTION

TO:  Attached Certificate of Service

     PLEASE TAKE NOTICE that on **Tuesday, April 12, 2011, at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Pamela Hollis or another judge sitting in her stead, at the United States Bankruptcy Court for the Northern District of Illinois, located at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604, and then and there present the **MOTION TO RECONSIDER VALUATION RULING**, a copy of which is hereby served upon you.

Dated:  March 22, 2011

    /s/ Ronald Barliant
Ronald Barliant, Esq.
Zachary Garrett, Esq.
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000 (main)
(312) 332-2196 (fax)

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| COLTS RUN, L.L.C., | ) | No. 10-18071 |
| an Illinois limited liability company | ) | Hon. Judge Pamela Hollis |
| | ) | |
| Debtor/Debtor-in-Possession | ) | |

### MOTION TO RECONSIDER VALUATION RULING

PNC Bank, National Association ("PNC"), by and through its undersigned counsel, hereby submits its Motion to Reconsider Valuation Ruling, and states as follows:

### I.    Background

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(A).

2.    PNC holds a claim against Colts Run, L.L.C. ("Debtor") in the aggregate amount of $23,171,999.70, secured by liens on Debtor's real property located at 3170 Maple Leaf Drive, Lexington, Fayette County, Kentucky (the "Property").

3.    On August 27, 2010, PNC filed its Motion to Value Secured Claim (Docket No. 97) requesting, *inter alia*, that the Court determine the value of PNC's secured claim pursuant to Federal Rule of Bankruptcy Procedure 3012 ("Rule 3012").

4.    On December 9, 2010, the Court conducted a hearing to determine the value of the Property (the "Valuation Hearing").

5.    On January 18, 2011, PNC filed its Post-Trial Brief (Docket No. 224) (the "PNC Brief") in connection with the Valuation Hearing.[1]

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings assigned thereto in the PNC Brief.  Further, unless otherwise indicated, PNC will cite to the record in this Motion as set forth in footnote 3 of the PNC Brief.

6. Pursuant to the PNC Brief, PNC asserted, among other things, that the highest Property value supported by evidence admissible under Rule 702 is $21,000,000.

7. Such value was derived by, among other things, accounting for the projected property tax liability that a prospective buyer would assume under Kentucky law upon purchasing the Property. Both PNC's expert, David Donan,[2] and Debtor's expert, Randal Dawson, agreed that such proforma tax liability must be calculated on the basis of the sale price of the Property. As Mr. Dawson stated in his report:

> It should be noted that when a property sells in the state of Kentucky (assuming a market transaction), the Property Valuation Administrator's (PVA) office sets the tax value at the sale price. It is our understanding that the property owner has no recourse regarding an appeal. Thus, *our valuation must assume a transaction of the subject property, without our stabilized tax value estimate being set at our market value transaction*.

Db CR Ex. D, p. 35 (emphasis added).[3]

8. On March 8, 2011 (the "March 8th Hearing"), the Court ruled that the value of the Property is $23,940,914.29,[4] and presented counsel for PNC and Debtor with a spreadsheet (the "Court Spreadsheet") setting forth the Court's final valuation, a true and correct copy of which is attached hereto at Exhibit A. The Court acknowledged, however, that it did not fully calculate the proforma tax liability on the basis of a sale of the Property:

> And then the real estate taxes, I didn't deduct fully for the real estate taxes because I think it's a real iffy type of thing. It probably should

---

[2] Mr. Donan testified, "Q. How did you arrive at the real estate, taxes number on Page 47 of your report in your pro forma, which is $218,695? A. That's based on our value estimate and the tax rate at the time of the appraisal. Q. Why does it make sense to do that rather than use the historical amount? A. Well, this is -- we're – market value assumes a sale, and so any buyer would know that when this property transfers, the assessment will be reflective of the transfer price assuming it's arm's length, i.e., market value." (Tr. 41.)

[3] *See also* Db CR Ex. D, p. 35 ("when a property sells in the state of Kentucky (assuming a market transaction), the Property Valuation Administrator's (PVA) office sets the tax value at the sale price. Therefore, within our analysis, we must utilize a tax liability that is based on the tax value being equal to the actual sale price.")

[4] The Court's value assumes that Debtor has a 100% ownership interest in the Property. PNC asserts that Debtor has only an 85% ownership in the Property and has filed a Motion for Relief from the Automatic Stay (Docket No. 199) to permit PNC to challenge the validity of a recent third party transfer to Debtor of a 15% interest in the Property.

>   have been accounted for, but I suspect that there are many sales with a partnership of partnership [*sic*] and not a sale of the land. I was convinced that no brilliant person would go and try to buy that. So I gave it like half credit in a way.

March 8th Hearing Transcript: 9:22-10:5. Rather than calculate proforma tax liabilities on the basis of a sale of the Property, the Court made an adjustment to "Other Income" at row 6 of the Court Spreadsheet to account for a sale of the partnership interest rather than the Property.

9. PNC asserts that, as a matter of law, Rule 3012 requires that the Court to value the Property, not the partnership interest, and therefore the Court should fully account for the proforma property tax expense.

10. PNC requests that the Court reconsider its ruling on the Property's value by adjusting its proforma property taxes to properly account for the Property's market value as set forth below.

## II.    Argument

11. Rule 3012 provides, in pertinent part, that the Court "may determine the value of a claim secured by a lien on property in which the estate has an interest…" Fed. R. Bankr. P. 3012. "The valuation of a claim secured by property necessarily requires a valuation of the property securing such a claim." *In re 183 Lorraine St. Assoc.*, 198 B.R. 16, 26 (E.D.N.Y. 1996).

12. PNC has a claim against Debtor secured by a security interest in, and lien on, the Property, and requested a valuation of such claim pursuant to Rule 3012. It is the Property that secures PNC's claim, not any partnership interest; and it is the Property – not a partnership interest – that PNC would foreclose upon[5] and sell to satisfy its claim. As Mr. Donan and Mr. Dawson both testified, a prospective buyer of the Property would assume a future tax liability calculated on

---
[5] *See* PNC's Motion for Relief from the Automatic Stay (Docket No. 166).

the basis of the Property's sale price.[6] To properly value the Property, the Court must therefore calculate the proforma tax expense on the basis of a sale of the Property and not on the basis of a sale of the Debtor's partnership interest in which PNC has not asserted a lien.

13.  If the proforma tax liability is calculated on the basis of a sale of the Property (and not the possibility of a sale of the partnership interest), the Property's value is $23,272,514.29, a downward adjustment in total value of $668,400 from the Court's value. Following the March 8th Hearing, at the Court's invitation, PNC requested that Mr. Donan adjust the Court's value by using the Court's own figures to calculate the proforma tax expense on the basis of a sale of the Property. Attached hereto at Exhibit B is a copy of the Court Spreadsheet adjusted at Column P to show the $668,400 adjustment resulting from Mr. Donan's proforma tax expense adjustment (the "Adjusted Spreadsheet").

14.  PNC asserts that Rule 3012 requires that the Court base its calculation of the proforma tax liability on a sale of the Property in which PNC holds a lien, and not on the basis of a sale of a partnership interest in which it does not. PNC further asserts that Mr. Donan's adjustment, as set forth in the Adjusted Spreadsheet, properly treats the proforma tax liability and requests that the Court adopt the revised valuation as to both the proforma tax expense and overall value.

---

[6] *See* PNC Brief at pp. 10-12.

**WHEREFORE**, PNC hereby requests that this Court (i) modify its ruling regarding the Property's value by adjusting the proforma tax expense as set forth in the Adjusted Spreadsheet and, accordingly, the value of the Property to $23,272,514.29, and (ii) grant such further relief as this Court deems just and appropriate.

                                               Respectfully submitted,

Dated: March 22, 2011                        PNC BANK, NATIONAL ASSOCIATION

                                              By: /s/ Ronald Barliant
                                                      One of Its Attorneys

                                              Ronald Barliant, Esq.
                                              Zachary Garrett, Esq.
                                              GOLDBERG KOHN LTD.
                                              55 East Monroe Street, Suite 3300
                                              Chicago, Illinois 60603
                                              (312) 201-4000 (main)
                                              (312) 332-2196 (fax)

## CERTIFICATE OF SERVICE

      The undersigned certifies that on March 22, 2011, a true and correct copy of the foregoing **MOTION TO RECONSIDER VALUATION RULING** was filed with the Clerk of the Court using the CM/ECF system, which then sent notification electronically to counsel of record.


Dated:  March 22, 2011               /s/ Ronald Barliant
                                                    Ronald Barliant, Esq.
                                                    GOLDBERG KOHN LTD.
                                                    55 East Monroe Street, Suite 3300
                                                    Chicago, Illinois  60603
                                                    (312) 201-4000 (main)
                                                    (312) 332-2196 (fax)