## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE:                   )

                        )    Case No. 10-18071

COLTS RUN, L.L.C.,        )    Chapter 11

an Illinois Limited Liability Company,   )    Judge Hollis

                        )

        Debtor.          )

## NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 19th day of July 2012 at 10:30 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Pamela S. Hollis, Bankruptcy Judge, in the room usually occupied by her as courtroom 644 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the Motion for Allowance of Final Compensation and Reimbursement of Expenses to Debtor's Counsel, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

                        /s/David K. Welch

                        Crane, Heyman, Simon, Welch & Clar

                        l35 S. LaSalle St., Suite 3705

                        Chicago, Illinois 60603

                        (3l2) 64l-6777

## CERTIFICATE OF SERVICE

STATE OF ILLINOIS   )

                  )

COUNTY OF COOK   )

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) on the 28th day of June 2012 and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 28th day of June, 2012.

                        /s/David K. Welch

## SERVICE LIST

United States Trustee*
Dirksen Federal Building
219 South Dearborn Street
Suite 873
Chicago, IL 60604

Ronald Barliant, Esq.*
Sarah J. Risken, Esq.
Goldberg Kohn Ltd.
55 East Monroe St., Suite 3300
Chicago, IL 60603

Charles F. Merz*
Charles F. Merz & Associates P.L.L.C.
11414 Main Street, Suite 102
Louisville, Kentucky 40243

Bankruptcy Administration*
IKON Financial Services
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

Steve Jakubowski*
The Coleman Law Firm
77 W. Wacker Drive, Suite 4800
Chicago, IL 60601

Colts Run, LLC*
c/o Ivan Djurin
North Street Properties
100 North Field Drive
Suite 110
Lake Forest, IL 60045

ABCO Carpet Cleaning
PO Box 23834
Lexington, KY 40523

ADT Security Systems
PO Box 371967
Pittsburgh, PA 15250-7967

Apartment Finder
PO Box 402168
Atlanta, GA 30384-2168

Apartments.com
2563 Collection Center Dr.
Chicago, IL 60693

Assurance Agency, Ltd.
PO Box 66056
Chicago, IL 60666-0056

Assurant Health
PO Box 790076
Saint Louis, MO 63179-0076

Cintas Corporation #312
100 Westhampton Dr.
Lexington, KY 40511

Cort Furniture Rental
4904 Century Plaza Rd.
Indianapolis, IN 46254

Ellis Painting
527 Pinoak Drive
Nicholasville, KY 40356

Fayette County Attorney
Attn: Dianne McKenna
110 West Vine St., 2nd Fl.
Lexington, KY 40507

For Rent Magazine
75 Remittance Dr., #1705
Chicago, IL 60675-1705

GMAC
P.O. Box 9001948
Louisville, KY 40290-1948

GMAC
6716 Grade Lane, Building 9
Suite 910
Louisville, KY 40213-3416

Greater Lexington Apartment Assn.
210 Malabu Dr., Ste. 215
Lexington, KY 40502

Hassan Reda
3170 Mapleleaf Dr., #1411
Lexington, KY 40509

HD Supply Facillities
PO Box 509058
San Diego, CA 92150-9058

IKON Office Solutions
PO Box 802815
Chicago, IL 60680-2815

Illustratus
10983 Granada Lane
Leawood, KS 66211

Kentucky American Water
PO Box 371880
Pittsburgh, PA 15250-7880

Lexington Coffee & Tea, Inc.
2571 Regency Rd.
Lexington, KY 40503

LexisNexis Screening Solutions
PO Box 730694
Dallas, TX 75373-0694

Louisville Apartment Association
7400 South Park Place, Suite 1
Louisville, KY 40222

Lowes Commercial Services
PO Box 530954
Atlanta, GA 30353-0954

National Apartment Association
PO Box 75219
Baltimore, MD 21275-5219

Office Depot, Inc.
PO Box 88040
Chicago, IL 60680-1040

Okolona Pest Control, Inc.
PO Box 19201
Louisville, KY 40259-0201

One Zero Charlie Marketing
5112 Greenwood Rd.
Greenwood, IL

PNC Bank
One North Franklin Street
21st Floor
Chicago, IL 60606

Poage Engineers & Assoc., Inc.
446 East High St.
Lexington, KY 40507

Raynor Door Authority of Lexington
1033 Rushwood Court
Lexington, KY 40511

Rent.Com/Payment Center
Department 1987
Los Angeles, CA 90084-1987

Rite Rug Company, Inc.
c/o Fifth Third Bank
PO Box 634478
Cincinnati, OH 45263-4478

Scheller's Fitness and Cycling
1987 Harrodsburg Rd.
Lexington, KY 40503

Sherrow Sutherland & Associates PSC
200 Southland Dr.

Lexington, KY 40503-1949

Sherwin Williams Store 1223
1183 D. Brock McVey Dr.
Lexington, KY 40509-4118

Sherwin Williams Store 1261
2909 Richmond Rd. #90
Lexington, KY 40509

Star Building Materials, Inc.
8319 Dixie Highway
Florence, KY 41042

Stephen Marshall
Sherrow, Sutherland and Associates
200 Southland Dr.
Lexington, KY 40503

Thoroughbred Gates & Security
15057 Violet Rd.
Crittenden, KY 41030

William E. Huml & Co., Ltd.
1870 West Winchester Rd., Ste. 245
Libertyville, IL 60048

Wilmar Industries, Inc.
PO Box 404284
Atlanta, GA 30384-4284

Windstream
PO Box 9001908
Louisville, KY 40290-1908

Windstream Entertainment
PO Box 2273
Omaha, NE 68103-2273

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                    )
                                          )   Case No. 10-18071
COLTS RUN, L.L.C.,                        )   Chapter 11
an Illinois Limited Liability Company,    )   Judge Hollis
                                          )
          Debtor.                         )

**NOTICE OF HEARING ON MOTION FOR ALLOWANCE OF FINAL
COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL**

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on **June 28, 2012**, Crane, Heyman, Simon, Welch & Clar, counsel for the Debtor, filed a Motion for Allowance of Final Compensation and Reimbursement of Expenses (the "CHSWC Motion"), requesting the sum of $167,740.50 for legal services rendered to the Debtor for the period commencing October 1, 2010 through and including March 20, 2012, plus costs advanced for the same period in the sum of $2.580.55.

PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **17th day of July, 2012**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motion, together with objections timely filed, if any, will be held before the Honorable Pamela S. Hollis, Bankruptcy Judge, Courtroom No. 644, 219 South Dearborn Street, Chicago, Illinois, on the **19th day of July, 2012**, at the hour of **10:30 a.m.**, at which time and place you may appear if you so see fit.

DATED:      June 28, 2012

**DEBTOR'S COUNSEL**:
David K. Welch, Esq.
(Atty. No. 06183621)
Arthur G. Simon, Esq.
(Atty. No. 03124481)
Scott R. Clar, Esq.
(Atty. No. 06183741)
Jeffrey C. Dan, Esq.
(Atty. No. 06242750)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
W:\GRACE\Colts\fee.CHSWC.notice.Final.wpd

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                              )
                                                    )   Case No. 10-18071
COLTS RUN, L.L.C.,                                  )   Chapter 11
an Illinois Limited Liability Company,              )   Judge Hollis
                                                    )
        Debtor.                                     )

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment:   <u>May 27, 2010</u>  (Retroactive to April 23, 2010)

Period for Which Compensation
is Sought:   From: <u>October 1, 2010</u> through <u>March 20, 2012</u>

Amount of Fees Sought: <u>$167,740.50</u>

Amount of Expense
Reimbursement Sought: <u>$2,580.55</u>

This is a(n): Interim Application  __   Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior
fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| 3/15/11 | 4/16/10-9/30/10 | $93,815.55 | $93,815.55 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and
expenses herein is: $93,815.55

                                                    David K. Welch and the firm

Date:
                                    Applicant:      <u>Crane, Heyman, Simon, Welch & Clar</u>


                                                    By:<u> /s/David K. Welch</u>
                                                        Debtors' Counsel

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 10-18071 |
| COLTS RUN, L.L.C., ) | Chapter 11 |
| an Illinois Limited Liability Company, ) | Judge Hollis |
| ) | |
| Debtor. ) | |

## MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

David K. Welch and the law firm of Crane, Heyman, Simon, Welch & Clar

("CHSWC"), Counsel to Colts Run, LLC, Debtor herein, make their Motion pursuant to

Section 330 of the Bankruptcy Code for Allowance of Final Compensation and

Reimbursement of Expenses for legal services rendered and expenses incurred during

the period October 1, 2010, through March 20, 2012; and in support thereof, state as

follows:

## Introduction

1.     On April 23, 2010, the Debtor filed its voluntary petition for relief under

Chapter 11 of the Bankruptcy Code ("Petition Date").

2.     The Debtor operated its business and managed its financial affairs as

Debtor-in-Possession through confirmation of its Plan of Reorganization ("Plan"). No

trustee, examiner or committee of unsecured creditors has been appointed to serve in

this reorganization case.

-1-

3.     On May 27, 2010, this Court entered an Order authorizing the Debtor to retain CHSWC as its Counsel in this Chapter 11 case retroactive to April 23, 2010, with compensation subject to the further Order of this Court.

4.     By this Motion, CHSWC requests an allowance of final compensation and reimbursement of expenses in the amounts of $167,740.50 and $2,580.55, respectively, for legal services rendered to the Debtor during the period October 1, 2010, through March 20, 2012.  Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively.

5.     CHSWC has received one prior allowance of interim compensation and expenses in this Chapter 11 case in the aggregate amount $93,815.55 ("Interim Allowance").  The pre-petition retainer of $50,000.00 received by CHSWC was applied by CHSWC to the Interim Allowance. Furthermore, the balance of the prior Interim Allowance was paid by the Debtor. CHSWC also requests that this Court approve the Interim Allowance under Section 330 of the Bankruptcy Code.

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.  This matter is a "core" proceeding within th meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

7.     The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Local Rule 5082-1.

-2-

**Relevant Factual Background**

8.    The Debtor is the owner of the "Colts Run Apartments" ("Property") in Lexington, Kentucky.  The Property, acquired by the Debtor in 2001 for $19,000,000.00, is comprised of 252 residential rental apartment units located in 21 buildings spread over 13.77 acres.  In addition, the Property has a clubhouse and 8 garage buildings. The Debtor has expended in excess of $2,700,000.00 for capital improvements to the Property  in addition to regular maintenance.

9.    Occupancy at the Property as of the Petition Date was approximately 89% and has increased to approximately 98% currently.

10.    PNC Bank National ("Bank")[1] is the Debtor's primary secured creditor that has senior liens on the Property as well as against the rents generated at the Property.

11.    On or about August 23, 2010, the Bank filed a claim in this Chapter 11 case in an amount not less than $23,171,999.70.  On the face of the claim, the Bank asserted that the value of the secured claim (and thus the value of the Property in the opinion of the Bank) was not less than $17,000,000.00.

12.    The Debtor asserted that the value of the Property as of the Petition Date was $25,000,000.00.  Importantly, due to, among other things, increased occupancy at the Property, the value of the Property did not decline during the course of this Chapter 11 case.

---

[1]The Bank is the successor by merger to National City Bank and by virtue of such merger is the holder of the note and mortgage on the Property which were originally entered into between the Debtor and National City Bank.

-3-

13.     The Debtor filed a formal objection to the allowance of the claim filed by
the Bank in this Chapter 11 case ("Claim Objection").

14.     Since the filing of this Chapter 11 case and pursuant to several Interim
Cash Collateral Orders, the Debtor has made monthly contract interest payments to the
Bank for the period May 24, 2010, through confirmation of the Plan. The Bank's
secured interests in and to the Property were adequately protected within the meaning
of Sections 361, 362 and 363 of the Bankruptcy Code throughout this Chapter 11 case.

15.     Until the settlement with the Bank at the conclusion of this Chapter 11
case, the Bank opposed the Debtor on virtually every significant issue in this Chapter
11 case and took action to impede a successful reorganization by the Debtor.[2]  The
Bank filed multiple objections to the Debtor's use of cash collateral, opposed the
payment of fees to the management company retained by the Debtor, objected to
necessary capital expenditures for the Property, filed a Motion to Appoint a Chapter 11
Trustee, sought to vacate an Interim Cash Collateral Order that it had consented to
days earlier, objected to the Plan within days of it having been filed by the Debtor and
acquired several small claims of certain unsecured creditors for the sole purpose of
preventing confirmation of the Plan.

16.     On August 3, 2010, the Debtor filed the Plan and, on August 6, 2010, filed
its supporting Disclosure Statement.   The Plan provided for the payment of 100% of all
creditors' claims plus interest. As to the Bank, the Plan provided that the Bank's claim

_____

[2]Mt. Zion Limited Partnership filed a related Chapter 11 case on April 23, 2010, which
pends before this Court under case number 10-18075 ("Mt. Zion Case").  The Bank conducted
itself in the same manner in the Mt. Zion Case.

-4-

was fully secured and would be paid in the same manner as required by the underlying loan documents with a balloon payment of all remaining amounts due to the Bank on the fifth anniversary of confirmation of the Plan.

17.    This Court conducted an evidentiary hearing with respect to the value of the Property and ruled that the value of the Property, as of December 9, 2010, was $23,940,914.29 ("Valuation Ruling").

18.    After the Valuation Ruling, the Debtor and the Bank continued to prepare to litigate the several disputed issues relating to confirmation of the Plan. These issues included feasibility, the appropriate interest rate and other mortgage terms relating to repayment of the Bank's claim, valuation, the allowed amount of the Bank's claim and Plan balloting issues.

19.    After obtaining limited relief from the automatic stay, the Bank challenged the Debtor's acquisition of the interest of the Baldwin Trust in the Property in the Kentucky State Court.  The Debtor and CHSWC defended against this action by the Bank.

20.    Shortly before the commencement of a contested confirmation hearing, the Bank and the Debtor entered into settlement negotiations that culminated in a complex restructuring of the Bank's mortgage indebtedness which was incorporated into the Plan.  This restructuring was also embodied in post-confirmation loan documents that were negotiated by the parties.

21.     Finally, on March 20, 2012, this Court entered an Order modifying and
confirming the Plan. The Plan has been "substantially consummated" within the
meaning of Section 1101(2) of the Bankruptcy Code.  Once this Court decides this
Motion, a final decree can be entered closing this Chapter 11 case.

**Interim Compensation**
**and Expenses Requested**

22.     CHSWC is a law firm whose practice is almost exclusively concentrated in
the fields of bankruptcy, reorganization and insolvency.  CHSWC is comprised of six (6)
members and one (1) associate, some of whom have participated in representing the
Debtor in this bankruptcy case.

23.     The following is biographical information pertaining to those attorneys who
have been primarily involved in the representation of the Debtor.  Other attorneys at
CHSWC have also participated to a lesser extent in this Chapter 11 case.  Each such
attorney has significant experience and expertise in bankruptcy, reorganization and
litigation matters.

24.     DAVID K. WELCH is a member of the law firm and has been practicing
law in the State of Illinois since 1982.  His practice has always been primarily
concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights.
He has represented debtors, trustees, creditors' committees, secured creditors,
unsecured creditors and equity holders.  From October, 1979, through June, 1982, he
served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig
Phelps, Chapter 13 Trustee.  He has authored manuscripts for the Illinois Institute of
Continuing Legal Education on matters involving bankruptcy and insolvency.  He has

-6-

lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

25.    ARTHUR G. SIMON is a member of the law firm of Crane, Heyman, Simon, Welch & Clar, and has been practicing law since 1979 when he graduated from the Loyola University of Chicago, School of Law. Mr. Simon has been admitted to practice law in the state courts of Illinois, in the United States Court of Appeals for the Seventh Circuit, and in the United States District Courts for the Northern and Central Districts of Illinois, the Eastern District of Wisconsin and the Northern District of Indiana. He is a member of the Federal Trial Bar.

-7-

Beginning in 1981, he became engaged almost exclusively in the practice of bankruptcy and insolvency litigation and has represented virtually every type of party in such matters, including Chapter 7 and Chapter 11 debtors, secured creditors, landlords, trustees, and creditors' committees. His activities have included membership in the Chicago Bar Association Committee on Bankruptcy and Reorganization. He has served as the Editor of the Advance Sheets provided by said Committee. In that capacity, he reported the rulings and opinions of the Bankruptcy Judges in the Northern District of Illinois to the Bankruptcy Committee members of the Chicago Bar Association. He served for several years on the Commercial, Banking and Bankruptcy Section Council of the Illinois State Bar Association for whom he has published several articles, and also served on the General Assembly of that Association.

26.   SCOTT R. CLAR is a member of the law firm and has been a practicing attorney in the State of Illinois since 1982. From January, 1985, through September, 1986, he was employed as a staff attorney with the United States Trustee's Office in the Northern District of Illinois, where he administered over 200 Chapter 11 cases, as well as supervised Chapter 7 panel trustees. From September, 1986, through December, 1987, he was employed by the law firm of Adelman & Gettleman, Ltd., where he continued to practice in the areas of bankruptcy and insolvency related matters. In January, 1988, he became associated with Crane, Heyman, Simon, Welch & Clar. His practice is concentrated in the field of bankruptcy, having represented Chapter 7 and Chapter 11 debtors, trustees, unsecured creditors' committees and various creditors. Mr. Clar has been a panel member and a moderator for several bar association-sponsored bankruptcy seminars. He is a member of the Federal Trial Bar, and is

-8-

admitted to practice in the United States District Courts for the Northern and Central

Districts of Illinois and the Eastern District of Wisconsin.  He is the former Chairman of

the Chicago Bar Association Committee on Bankruptcy and Reorganization.

27.    JEFFREY C. DAN is a member of CHSWC and has been practicing law in

the State of Illinois since 1997.  He graduated from DePaul University School of Law.

He has practiced as a trial attorney in a number of areas of the law including personal

injury, domestic relations, criminal law and commercial litigation.  Mr. Dan joined the

firm in September of 2002 and has been actively involved in all aspects of bankruptcy

and bankruptcy litigation as well as State Court litigation that arises in insolvency

matters.  He has served as a member of the Illinois State Bar Association, Commercial

Banking and Bankruptcy Law Section Council.  Mr. Dan is a member of the Federal

Trial Bar and is admitted to practice before the United States Court of Appeals for the

Seventh Circuit and the United States Court of Appeals for the Third Circuit.  He is also

admitted to practice before the United States District Courts for the Northern District of

Illinois, Northern District of Indiana, Central District of Illinois and Eastern District of

Wisconsin.

28.    The hourly rates usually charged by CHSWC in matters of this nature are

as follows:

| **Attorney** | **Hourly Rates** |
|---|---|
| Eugene Crane (EC)[3] | $490.00 |
| Glenn R. Heyman (GRH) | $490.00 |
| Arthur G. Simon (AGS) | $470.00 |
| David K. Welch (DKW) | $470.00 |
| Scott R. Clar (SRC) | $470.00 |

---

[3] These are the abbreviations utilized in the Exhibits to this Motion.

-9-

| | |
|---|---|
| Jeffrey C. Dan (JCD) | $395.00 |
| John H. Redfield (JHR) | $370.00 |

29. The following is a chart that depicts the total hours that each attorney at CHSWC expended in representing the Debtor during the relevant period:

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 45.30 | $ 20,488.00 |
| David K. Welch | 309.10 | $143,604.00 |
| Jeffrey C. Dan | 8.30 | $ 3,278.50 |
| John H. Redfield | 1.00 | $ 370.00 |
| **Total** | **363.70** | **$167,740.50** |

30. During the course of the representation of the Debtor during the relevant period, CHSWC incurred expenses of $2,580.55. These expenses are itemized on **Exhibit B** to this Motion.

## Legal Services Rendered to the Debtor

31. The representation of the Debtor is categorized in this Motion as follows:

A.  **General Administration**
The matters in this category include assisting the Debtor with the general administration of this bankruptcy case and the Debtor's business operations and financial affairs, filing routine motions and filing professionals' fee applications and retention motions. Also included in this category are legal services related to and assisting the Debtor with its monthly operating reports and responding to general creditor inquiries.

**Total Time Expended**                    **19.30  hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 19.30 | $9,071.00 |

-10-

| **TOTAL** | **19.30** | **$9,071.00** |
|---|---|---|

Attached to this Motion **as Exhibit C** is an itemization of the legal services rendered in this category.

B)   **PNC Bank Claim**

PNC is the holder of the single largest claim in this Chapter 11 case and it has the senior mortgage lien against the Property.  The Debtor filed an objection to the Bank's claim, which objection was resolved in conjunction with confirmation of the Plan.

**Total Time Expended**                        **32.00   hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 5.50 | $ 2,585.00 |
| David K. Welch | 25.70 | $12,079.00 |
| David K. Welch | 0.80 | $     0.00 |
| **TOTAL** | **32.00** | **$14,664.00** |

Attached to this Motion **as Exhibit D** is an itemization of the legal services rendered in this category.

C)   **Cash Collateral**

The continued use of cash collateral by the Debtor has been opposed at various junctures by the Bank.  The Debtor had to prepare for contested cash collateral hearings which at the last moment, were resolved consensually with the Bank.  A hearing was actually held with respect to the payment of legitimate management fees from cash collateral.  At the conclusion of this hearing, this Court authorized the payment of management fees from cash collateral. The continued use of cash collateral Was uninterrupted during this Chapter 11 case.

**Total Time Expended**                        **45.00   hours**

-11-

| Attorney | Hours | Amount |
|----------|-------|--------|
| Arthur G. Simon | 4.90 | $ 2,303.00 |
| David K. Welch | 0.40 | $     0.00 |
| David K. Welch | 38.20 | $17,954.00 |
| Jeffrey C. Dan | 0.50 | $   197.00 |
| John H. Redfield | 1.00 | $   370.00 |
| **TOTAL** | **45.00** | **$20,824.50** |

Attached to this Motion **as Exhibit E** is an itemization of the legal services rendered in this category.

D) **Chapter 11 Exit Strategy**

The Debtor has swiftly filed a Plan and Disclosure Statement in this Chapter 11 case.  The Plan provided for the payment of all creditors' claims (including the Bank's allowed claim) in full with interest.  Incredibly, the Bank objected to this Plan despite being paid in full with interest.  This Court, after hearing oral arguments, made certain preliminary rulings on the Plan. Eventually, the Debtor and the Bank were able to settle the disputes between them.  This settlement was embodied in the Plan and post-confirmation loan documents.  The Plan was confirmed by this Court on March 20, 2012.

| **Total Time Expended** | | **53.80   hours** |
|----------|-------|--------|
| Attorney | Hours | Amount |
| Arthur G. Simon | 2.50 | $ 1,175.00 |
| David K. Welch | 48.40 | $22,748.00 |
| David K. Welch | 0.50 | $     0.00 |
| Jeffrey C. Dan | 2.40 | $   948.00 |
| **TOTAL** | **53.80** | **$24,871.00** |

Attached to this Motion **as Exhibit F** is an itemization of the legal services rendered in this category.

E) **Property Issues**

CHSWC has assisted and advised the Debtor with respect to certain general real estate mattes involving the Property.

-12-

These issues include matters relating to leasing, real estate taxes, insurance, property maintenance and landlord/tenant.

| **Total Time Expended** | | **0.60** | **hours** |
|---|---|---|---|

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 0.60 | $282.00 |
| **TOTAL** | **0.60** | **$282.00** |

Attached to this Motion as **Exhibit G** is an itemization of the legal services rendered in this category.

F)    **Settlement With PNC**

Rather than proceed to a contested hearing on confirmation of the Plan, the Debtor and the Bank were able to negotiate a settlement of the multiple issues in dispute. This settlement resulted in a consensual confirmation hearing. The terms and conditions of this settlement are embodied in the Order entered by this Court confirming the Plan and the extensive post-confirmation loan documents agreed to by the Bank and the Debtor.

| **Total Time Expended** | | **36.60 hours** | |
|---|---|---|---|

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 0.20 | $   90.00 |
| David K. Welch | 36.40 | $17,108.00 |
| **TOTAL** | **36.60** | **$17,198.00** |

Attached to this Motion as **Exhibit H** is an itemization of the legal services rendered in this category.

G)    **Valuation Hearing**

In December 2010, an evidentiary hearing was conducted in this Court to establish the value of the Property. After this hearing and after the extensive briefing by the Bank and the Debtor, this Court entered an Order in March 2011 setting the value of the Property as of December 9, 2010, at $23,940,914.29.

-13-

**Total Time Expended**                    **108.10**          **hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 5.40 | $ 2,538.00 |
| David K. Welch | 96.80 | $45,468.00 |
| David K. Welch | 0.50 | $      0.00 |
| Jeffrey C. Dan | 5.40 | $ 2,133.00 |
| **TOTAL** | **108.10** | **$50,139.00** |

Attached to this Motion as **Exhibit I** is an itemization of the legal services rendered in this category.

H)    **Baldwin Trust**

The Baldwin Trust was a co-owner of the Property that owned an undivided 15% of the Property, the exclusive right to the rents generated from the Property and the exclusive obligation to manage and maintain the Property.  The Baldwin Trust was also signed the Bank's loan documents.  The Bank attempted to foreclose on the 15% interest of the Baldwin Trust in the Property in Kentucky.  The Debtor asserted that such foreclosure by the Bank was automatically stayed.  This Court determined that the automatic stay did not apply to this action by the Bank against the Baldwin Trust.  Thereafter, the Baldwin Trust transferred its interest in the Property to the Debtor.  The Debtor, then, successfully defended against the Bank's Kentucky action.  This litigation was also resolved in the settlement with the Bank.

**Total Time Expended**                    **68.30**   **hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 0.70 | $      0.00 |
| Arthur G. Simon | 26.10 | $11,797.00 |
| David K. Welch | 1.30 | $      0.00 |
| David K. Welch | 40.20 | $18,894.00 |
| **TOTAL** | **68.30** | **$30,691.00** |

Attached to this Motion as **Exhibit J** is an itemization of the legal services rendered in this category.

## Conclusion

32.     Other than as provided in Section 504(b) of the Bankruptcy Code,
CHSWC has not shared, nor agreed to share, any compensation received as a result
of this case with any person, firm or entity.  The sole and exclusive source of
compensation shall be funds of the Debtor.

33.     CHSWC asserts that the compensation requested in this Motion is
reasonable compensation for the actual and necessary legal services rendered based
upon the time, nature, extent and value of such professional services.  CHSWC further
asserts that the cost of legal services rendered for and on behalf of the Debtor is
comparable to the cost of similar services in matters other than under the Bankruptcy
Code.

34.     CHSWC asserts that the expenses for which reimbursement is sought in
this Motion are reasonable and were actual and necessary expenditures required in the
representation of the Debtor.

35.     CHSWC submits that the compensation and expenses requested are fair,
reasonable and warranted under the circumstances.

36.     CHSWC also requests that this Court approve the Interim Allowance
under Section 330 of the Bankruptcy Code.

WHEREFORE, DAVID K. WELCH and the law firm of CRANE, HEYMAN,
SIMON, WELCH & CLAR, Debtor's Counsel, pray for the entry of an Order allowing
final compensation and reimbursement of expenses in the amounts of $167,740.50 and

-15-

$2,580.55, respectively; allowing the Interim Allowance under Section 330 of the

Bankruptcy Code; and granting such other relief as may be just and appropriate.

      Respectfully Submitted,

      DAVID K. WELCH, and the law firm of
      CRANE, HEYMAN, SIMON, WELCH & CLAR

      By:___ /s/David K. Welch _____

**DEBTOR'S COUNSEL**:
David K. Welch, Esq.
(Atty. No. 06183621)
Arthur G. Simon, Esq.
(Atty. No. 03124481)
Scott R. Clar, Esq.
(Atty. No. 06183741)
Jeffrey C. Dan, Esq.
(Atty. No. 06242750)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
W:\GRACE\Colts\Pay CHSWC.Final.mot.wpd